UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

DANIEL M. CODY,               )
                             )
        Plaintiff,            )
                             )
    vs.                       )        Case No. 2:05-cv-00041 JCH
                             )
MELISSA VETTER, et al.,       )
                             )
        Defendants.           )

## MEMORANDUM AND ORDER

This Matter is before the Court on Defendants Melissa Vetter, J. Rodriguez, David Cutt, and

Jim Moore's Motion for Summary Judgment (Doc. No. 22), filed June 9, 2006. The Matter is fully

briefed and ready for disposition. For the reasons stated below, the Court will grant Defendants'

motion.

## BACKGROUND

By way of background, Plaintiff is currently an inmate of the Missouri Department of

Corrections ("MDOC"). The relevant incidents took place while Plaintiff was housed at Northeast

Correctional Center. (Defs.' Mot. for Sum. J., Doc. No. 22 ("Mot. Sum. J.") ¶ 1) .

Plaintiff Daniel Cody's ("Cody" or "Plaintiff") cause of action stems from events occurring

on December 6, 2004. At around 12:30[1], Plaintiff approached the control center of his housing unit

complaining of chest and abdominal pains. (Mot. Sum. J. Ex. B,  Pl.'s Dep. pg. 8). At the time,

Officers Melissa Vetter ("Vetter") and J. Rodriguez ("Rodriguez") were working at the control

center. (Mot. Sum. J. ¶ 8).  The Officers told Plaintiff sick call was at 9:00 and to go back to his cell.

(Id. at Ex. B, pg. 8-11). Plaintiff was then called to the control center about an hour and a half later

---

[1]The Court is unclear if this event took place at 12:30 am or 12:30 pm.

to receive a pass to return an overdue library book. (Id. at pg. 9). Vetter and Rodriguez claim Plaintiff approached the control center in a hostile manner and allegedly caught Vetter's hand in an drawer. (Id. at pg. 10). After Plaintiff returned his library book, he was taken into custody and placed in administrative segregation. (Mot. Sum. J. ¶ 11).

While in administrative segregation, a nurse examined Plaintiff on December 8, 2004. (Id. at Ex. A). Upon examination, the nurse found Plaintiff's abdomen was soft and non-distended and that Plaintiff had been eating a lot of spicy foods lately. (Id. at Ex. A pg. 2). The nurse gave Plaintiff some antacids. (Id.). Nothing in the Plaintiff's medical records or testimony indicates any lingering medical effects of this indigestion.

After a hearing on the incident, Plaintiff received 13 months in administrative segregation for his actions on December 6, 2004. (Id. at Ex. B, pg. 13, 48-50). Plaintiff wrote letters to Superintendent Moore ("Moore") asking him to conduct a further investigation into the December 6, 2004 incident and to let Plaintiff take a polygraph test to prove his innocence. (Id. at pg 51). Moore declined these requests because Plaintiff did not present any new evidence to support them. (Id. at pg. 49).

While in administrative segregation, Plaintiff alleges that Officer Cutt ("Cutt") harassed him. (Id. at Ex.B,. pg. 27-37). On January 4, 2005, Cutt allegedly came into Plaintiff's cell, broke his glasses, took his cross, tore up his legal work, and called him a "spook nigger." (Id. at pg. 28). In response to this alleged harassment, Plaintiff filed a grievance. MDOC's offender grievance system has three levels. First, prisoners may file an Informal Resolution Request ("IRR"). If a prisoner is not satisfied with the outcome, he may file an Offender Grievance. If the prisoner is still not satisfied with the outcome, he may file an Appeal. (Doc. No. 31 Ex. F). The MDOC Manual states that "after

receiving an appeal response, the offender grievance procedure, pursuant to federal law, is exhausted." (Doc. No. 27 Ex. F at III.M.11).

In response to Cutt's alleged harassment, Plaintiff filed an IRR on January 7, 2005. (Mot. Sum. J. Ex. E). On January 27, 2005, Plaintiff received a response stating Cutt denied his allegations and his confiscated glasses were returned to him.(Id.). On March 3, 2005, Plaintiff filed an Offender Grievance stating Cutt had harassed him throughout January and February, 2005. (Id. at Ex. D). It also alleged that the failure to give him a polygraph test regarding the December 6, 2004 incident deprived him of his due process of law. (Id. at Ex. D). On March 14, 2005, Plaintiff received a response stating Cutt would not be punished and no evidence existed to support his allegations. (Id.). Plaintiff never appealed.

Plaintiff filed this suit under 42 U.S.C. § 1983 on June 27, 2005. (Compl., Doc. No. 1). Specifically, Plaintiff alleges that Vetter and Rodriguez violated the Eighth Amendment by ignoring his serious medical needs, Cutt harassed him, and Moore failed to properly supervise his officers. (Id.). Defendants filed this Motion for Summary Judgment on June 9, 2006.

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## **DISCUSSION**

Defendants argue that the Court must grant them summary judgment because Plaintiff failed to exhaust his administrative remedies. Cody believes exhaustion was not required because pursuing the grievance process further would have been futile. (Response, Doc. No. 24). The Court agrees with the Defendants.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or under any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies available to him are exhausted." 42 U.S.C. § 1997e(a). The Eighth Circuit has held that if all administrative remedies have not been exhausted as to all claims before the suit is filed, dismissal of the complaint is mandatory. Abdul-Muhammad v. Kempker, 450 F.3d 350, 352 (8th cir. 2006); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003); Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000). Furthermore, the Eighth Circuit considers the exhaustion requirement "to be an affirmative

defense[2] that the defendant has the burden of plead and to prove." <u>Nerness v. Johnson</u>, 401 F.3d 874, 876 (8th Cir. 2006).

In a recent decision, the Supreme Court interpreted the PLRA's exhaustion requirement as being similar to exhaustion requirements in administrative law. <u>Woodford v. Ngo</u>, 126 S. Ct. 2378, 2392 (2006). Justice Breyer interpreted the PLRA as containing similar exceptions to exhaustion as those traditionally employed in administrative law. <u>Id.</u> at 2393 (Breyer, J., concurring) (stating that <u>Giano v. Goord</u>, 380 F.3d 670, 677 (2d Cir. 2004) and <u>Spruill v. Gillis</u>, 372 F.3d 218, 232 (3d Cir. 2004) also espouse this view). The Eighth Circuit has held the party asserting an exception to an exhaustion requirement has the burden of proving the exception applies to the situation before the court. <u>Ace Prop. & Cas. Ins. Co. v. Fed. Crop Ins. Corp.</u>, 440 F.3d 992, 1000 (8th Cir. 2006). Finally, the Eighth Circuit holds that futility does not exist if there was an adequate administrative remedy for the type of harm to be redressed by judicial review. <u>In Home Health, Inc. v. Shalala</u>, 272 F.3d 554, 560 (8th Cir. 2001), citing <u>Heckler v. Ringer</u>, 466 U.S. 602, 614 (1984).

The Court finds Plaintiff never exhausted his administrative remedies for any of his claims against Defendants. Specifically, the Defendants presented the Court with evidence that Plaintiff only filed an Informal Resolution Request and an Offender Grievance regarding his claims. (Doc. No. 21, Ex. D, E). As stated above, MDOC requires an appeal before exhaustion of administrative remedies occurs. (Reply, Doc. No. 27 Ex. F). Because Plaintiff filed no appeal, he failed to exhaust his administrative remedies, as required under 42 U.S.C. § 1997e(a). The Court also finds Plaintiff has neither fulfilled his burden of proving that pursuing an appeal would have been futile nor offered any reasons why the grievance process did not have an adequate remedy for the harms caused by the alleged actions of Defendants.          .

---

[2]Defendants raised this defense in their Answer. (Doc. No. 13 pg. 3).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is

**GRANTED** and Plaintiff's claims are dismissed.

An appropriate judgment will accompany this order and memorandum.


Dated this 9th day of November, 2006


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE